JOSÉ ENRIQUE VALEDÓN, Plaintiff and Appellee, *v.* ERNESTO FERNÁNDEZ and ROYAL INDEMNITY COMPANY, Defendants and Appellants.

No. 11559. Argued November 8, 1955.—Decided June 26, 1956.

*Antonio J. Amadeo* and *Fernando Fornaris, Jr.* for appellants. *F. Fernández Cuyar* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

This is an appeal by an insurance company from an imposition of attorney's fees, which plaintiff-appellee urges this Court to dismiss on the ground that it is without merit. The appeal of codefendant Ernesto Fernández regarding responsibility for the accident was previously dismissed because it was altogether frivolous. *Valedón* v. *Fernández*, 78 P.R.R. 246 (Pérez Pimentel) (1955).

The only errors assigned by insurer Royal Indemnity Company in connection with the imposition of attorney's fees are the following: (1) that since appellant admitted responsibility for the accident and paid the amount of the policy before judgment was rendered, although it disclaimed responsibility in its answer, it did not act with obstinacy in this case and should not be ordered to pay attorney's fees;

and (2) that the attorney's fees were imposed upon the insurer alone rather than upon the insured and the insurer solidarily.

■■ Regarding the first error assigned, appellant attempts to distinguish this case from the facts involved in our decision in *Soto* v. *Lugo*, 76 P.R.R. 416, 419–20 (Ortiz) (1954), in which we held:

"In the case at bar the defendants admitted their negligence seven days before the hearing of the case on the merits, through an amended answer, but they failed to do so in their original answer. That is precisely one of the species of obstinacy in this case. One of the purposes in awarding attorney's fees in cases of obstinacy is to impose a penalty on the losing party who, because he has been stubbornly litigious, has caused the other party the unnecessary trouble, expense and inconvenience of a litigation. *O'Neal* v. *Spivey*, 145 S.E. 71. Before filing their original answer the defendants had had an adequate opportunity to investigate the merits of the case and reach conclusions on the question of negligence. They were in an adequate position to admit negligence in their original answer. In failing to do so, at least when they filed their original answer, they had no objective justification whatever for such omission, they prolonged the duration of the suit and they caused unnecessary expenses and trouble to the plaintiff. The trial court acted correctly in holding that the defendants had been obstinate, and in ordering them to pay attorney's fees. The fact that the admission of negligence was made seven days before the trial could have been a relevant factor as to the amount of attorney's fees, from the point of view of the degree of guilt of the defendants. But considering all the circumstances involved in the instant case the amount of $500 fixed for attorney's fees was reasonable.

"The judgment appealed from will be affirmed."

The distinction is based, principally, on a certain conflict of opinion as to responsibility between the insured and the insurance company. It seems that the insurance company wished to pay but the insured refused to pay, alleging that he was not responsible for the accident. Be it as it may, the insurance company answered the complaint also disclaim-

470

ing responsibility and setting up certain special defenses. Not until the pretrial conference did it admit responsibility, and even at the trial it conditioned the payment of the amount of the policy on the acceptance by the home office of the company in the city of New York.

It is clear to us that this conduct should not be favored, particularly in a case like this in which the negligence is manifest. Whenever an insurance company, after conducting the proper investigation, concludes that the case is clearly compensable, it should so inform the court in its first allegation, regardless of the opinion of its insured, if it wishes to relieve itself of the results of obstinacy.

As to the second error assigned, it is a mere error of wording. The imposition of attorney's fees was jointly made upon both parties. By its own nature, it is a solidary obligation.

The appeal of codefendant Royal Indemnity Company is dismissed as to the imposition of attorney's fees.